**O**

# United States District Court
# Central District of California

| | |
|---|---|
| PATRICIA STEWART, D.O.,<br><br>         Plaintiff,<br>    v.<br><br>AMERICAN ASSOCIATION OF PHYSICIAN SPECIALISTS, INC., WILLIAM CARBONE, ANTHONY DURANTE; DOUGLAS MARCINIACK; ROBERT CERRATO, ANTHONY RUSSO; STEPHEN MONTES; JOSEPH GALLAGHER; BRIAN FEAVER; KEN WALLACE; WILLIAM ANDERSEN; THOMAS BALSHI; SUSAN SLOMINSKY; SVETLANA RUBAKOVIC, LORI HONEYCUTT; ROBERT ILOWITE; BART MAGGIO and DOES 1-100,<br><br>         Defendants. | Case No. 5:13-cv-1670-ODW (DTBx)<br><br>**ORDER GRANTING EX PARTE APPLICATION [68]** |

*"Civility costs nothing, and buys everything."*

—Mary Wortley Montagu

On March 16, 2014, Plaintiff's Counsel William A. Okerblom filed an Ex Parte Application with the Court. (ECF No. 68.) Okerblom requests that the Court

continue the March 24, 2014 hearing on Defendants' twelve motions to dismiss and grant him an extension of time to file his oppositions to the motions. (*Id.*)

On March 11, 2014, William Okerblom replaced Plaintiff Patricia Stewart's original counsel, Hal Farley. (ECF No. 67.) Farley—a sole practitioner—filed the substitution request after his only paralegal, Michael Okerblom, died in a high-impact collision on February 26, 2014. Farley had delegated the initial drafting of the oppositions to the Defendants' motions to dismiss to Michael Okerblom. (Farley Decl. ¶ 2.) The laptop computers containing the electronic drafts of the oppositions were in Michael Okerblom's vehicle at the time of the crash. (*Id.* ¶ 2–3.) The vehicle was destroyed and impounded as part of the accident investigation. (*Id.* ¶ 3.) The contents of the vehicle—including the laptop and back up drive—were not released to the family until March 5, 2014. (*Id.*)

The day the hard drives were released a computer technician was retained to attempt to retrieve the documents. (*Id.* ¶ 4; Raguz Decl. ¶ 2.) The technician determined that the hard drives were too badly damaged to retrieve their contents. (Raguz Decl. ¶ 4.) Consequently, Farley was unable to timely file the oppositions to Defendants' motions, which were due March 3, 2014. (Farley Decl. ¶ 5.)

William Okerblom—Michael Okerblom's father—substituted in on an emergency basis to respond to the motions to dismiss while Stewart searches for an attorney who will represent her on a contingency basis. (Okerblom Decl. ¶ 2.) On February 27, 2014, Farley contacted Defendants' lead counsel Eric Schneider to inform him about Michael Okerblom's death. (Schneider Decl. ¶ 2.) On March 11, 2104, William Okerblom contacted Schneider to request a one-month extension of time to respond to the twelve pending motions to dismiss. (Okerblom Decl. ¶ 5; Schneider Decl. ¶ 5.) Inexplicably, Schneider refused to agree to anything more than a two week extension.[1] (*Id.*)

---

[1] Schneider asserts that he actually offered a three week extension, including the one week and one day that had already passed by the time of the conference. (Schneider Decl. ¶ 5.)

On March 17, 2014, Schneider filed a declaration in support of Defendants' opposition to the ex parte application. (ECF No. 69.) Despite being unable to come to an agreement with William Okerblom previously, Schneider now informs the Court Defendants are amenable to the four-week continuance and "will not suffer prejudice as a consequence of the continuance of the pending motions . . . ." (Schneider Decl. ¶ 7.)

Litigation is not a zero-sum game in which one's gain can only come at another's loss. Contentiously opposing anything and everything proposed by opposing counsel is an inefficiency that is particularly wearisome in light of today's overcrowded dockets. A request by new counsel for a four-week extension of time to respond to *twelve* pending motions to dismiss is not unreasonable—especially when the documents were destroyed in an accident that took the life of the new counsel's son. Indeed, Schneider now acknowledges that no prejudice at all will inure to the Defendants from such a continuance.

The deterioration of attorneys' civility in their treatment of adversaries is of particular concern to this Court. Numerous jurisdictions have endeavored to improve by developing standards for professional conduct. Indeed, the preamble to the Central District of California's Civility and Professionalism Guidelines cautions,

> Uncivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance the client's lawful interests. Perhaps just as importantly, this type of behavior causes the public to lose faith in the legal profession and its ability to benefit society. For these reasons, we find that civility and professionalism among advocates, between lawyer and client, and between bench and bar are essential to the administration of justice.

(*available at* http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines). Scant judicial resources and time should not be wasted resolving such needless, petty disputes.

The Court hereby **GRANTS** Plaintiff's Ex Parte Application. (ECF No. 68.) The hearing on Defendants' Motions to Dismiss (ECF Nos. 47–58) is continued to **April 28, 2014 at 1:30pm**. Plaintiff's Opposition is due **April 7, 2014.**

**IT IS SO ORDERED.**

March 19, 2014

_____

**HON. OTIS D. WRIGHT II**
**UNITED STATES DISTRICT JUDGE**