# United States District Court
# Central District of California

| | |
|---|---|
| PATRICIA STEWART, D.O., | Case № 5:13-cv-1670-ODW(DTBx) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE: SANCTIONS** |
| AMERICAN ASSOCIATION OF PHYSICIAN SPECIALISTS, INC.; WILLIAM CARBONE; ROBERT CERRATO; STEPHEN MONTES; SUSAN SLOMINSKI; SVETLANA RUBAKOVIC, | |
| Defendants. | |

In light of the extremely high number of Ex Parte Applications, Requests, and Motions in the above titled case and discord amongst the parties, the Court hereby **ORDERS** the parties **TO SHOW CAUSE**, in person, on **October 5, 2015 at 1:30 p.m. in Courtroom 11**, why Plaintiff's counsel and Defendant's counsel should not be sanctioned for the reasons set forth herein, and why Mr. Okerblom should not be removed as counsel from this case. All other dates and deadlines in this action, including the pre-trial conference, are **VACATED** and taken off calendar until the Court rules on the pending Motions for Summary Judgment. (ECF Nos. 236, 237).

At the OSC hearing, the parties will be expected to address the following:

/ / /

1. *Grounds for Sanctions*

    a. Pursuant to this Court's Scheduling and Case Management Order (ECF No. 168), the parties were required to file the Final Pre-Trial Conference Order no later than September 28, 2015.  Under Local Rule 16-7.1, responsibility for the filing of the Final Pre-Trial Conference Order rests with Plaintiff.  Plaintiff's counsel filed it on September 30, 2015, two days after it was due.  (ECF Nos. 311, 312.)

    b. Defendants' Motion for Monetary Sanctions for Abuse of Discovery (ECF No. 234) alleges improper conduct against Plaintiff's counsel, Dr. William Okerblom, for filing frivolous and ill-conceived motions resulting in needless delay and frustrating Defendants' attempts to depose him as a fact witness.  Defendants cite many examples of such conduct in their papers.  Dr. Okerblom claims in his untimely Opposition (ECF No. 239) that he was not trying to frustrate Defendants' attempts to depose him, but was merely trying to limit the scope of the deposition. This Motion is currently pending before the Court, and may be ruled on by the Court at the OSC hearing.

    c. The parties failed to conduct the mandatory pre-trial meeting of counsel. L.R. 16-2. (ECF Nos. 257, 258.)

    d. Plaintiff filed a Notice of Misleading Testimony (ECF No. 268) as an additional, unauthorized opposition to Defendants' Motion for Summary Judgment. Dr. Okerblom later requested to withdraw the Notice, and essentially admitted that the document was frivolous.  (ECF No. 283.)

Counsel should be prepared to explain to the Court why they should not be sanctioned for this conduct, for their lack of professional civility toward each other, and for their utter failure to follow the rules of this Court.  *See* Fed. R. Civ. P. 11; *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful

improper conduct.").

   2. *Dr. Okerblom's Continued Representation*

      On September 9, 2015, Dr. Okerblom filed an Ex Parte Application for an Order Permitting Plaintiff to Withdraw as Attorney and for a Two Month Stay. (ECF No. 271.) Dr. Okerblom stated that his ability to serve as counsel and to adequately represent his client was "adversely affected" when he became a witness in this case on August 14, 2015. (Ex Parte Appl. 2.) In the Application, Okerblom "takes full responsibility for his error in judgment that led him to believe that he could serve both as a witness and as a zealous advocate simultaneously" and he admits that "being personally involved in the case has caused him to make mistakes that he otherwise would not have made." (*Id.* at 2–3.) Dr. Okerblom also requested a two month stay in the case so that he may obtain and prepare new counsel. (*Id.*) Defendants indicated their intent to oppose to this Application, but never ultimately filed an opposition. (*Id.* at 2.)

      On September 14, 2015, Dr. Okerblom filed a Notice to Withdraw the Application. (ECF No. 285.) This Notice was improperly filed. (ECF No. 287.) In the Notice, Dr. Okerblom stated that he is seeking co-counsel to assist him at the time of trial in the event that he is required to testify at trial as a witness.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1       The parties should be prepared to explain to the Court why Dr. Okerblom

2   should not be removed as counsel in this action given that (1) he appears to be a

3   witness in this action, and (2) he has admitted that he cannot effectively represent his

4   client in this action.

5

6   **IT IS SO ORDERED.**

7   October 1, 2015

8

9   _____

10   **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28